Todd Robinson
DOC # 53930
950 Second Ave.
Pittsburgh, Pa. 15219

July 26, 2021

Dear

Enclosed is a Motion for Special Relief,
Addressing and Reporting Criminal Acts and Misconduct.
In the interests of justice, I seek the exercise of
your Oath or Affirmation to support the Constitution
of the United States.

Sincerely
Todd Robinson
Todd Robinson

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA.

COMMONWEALTH OF PENNSYLVANIA,

V.

TODD ROBINSON
    DEFENDANT

CRIMINAL DIVISION
C.C.: 2017-08906

JUDGE: RANDAL B. TODD
MOTION COURT:
SEPTEMBER 8, 2021

## MOTION FOR SPECIAL RELIEF

AND NOW COMES the defendant Todd Robinson, PRO SE (on one's own behalf), RECOGNIZING Thomas Farrell, AS the assistance of counsel REQUESTING this Honorable Court to grant Special and Summary Relief through the Authority of 210 Pa. Code Part I, Art. II, Ch 15, Rule 1532 PURSUANT to 42 Pa.C.S. § 708 for violations under the Due Process Clauses of the Fourteenth Amendment of the United States Constitution AND Article I, section 9 of the Pennsylvania Constitution. Also, violations to the Fourth Amendment of the United States Constitution. In the interests of justice the defendant PRESENTS:

"Objection" is defined in Black's Law Dictionary, p. 968 (5th Ed. 1979) as "[T]he... ARGUMENT OR REASON urged by [a party] in support of his contention that the matter or proceeding objected to is IMPROPER OR illegal."

Preliminary Hearing. July 20, 2017.

Your Honor, on July 20, 2017, under the watch of Magisterial Judge Kim Marie Hoots, the Commonwealths ADA William Petulla and Prosecution team members, Affiant presented to the Tribunal false evidence (Perjury,) and allowed false evidence via testimony to stand uncorrected during the defendants Preliminary Hearing proceeding that's material to Probable Cause.

The Commonwealth's witness, Matthew Morrison, committed willful Perjury when he testified under Oath to material matters concerning the affiants Todd Dolfi and Thomas Foley's bill, sworn to under the penalties of Perjury, 2 Counts of 18 § 2702 § A2 Aggravated Assault.

The defendant is aware that transcripts/ records has been and is being reviewed by this Honorable Court. Yet, the defendant in the interests of justice asserts to the Court that through willful acts of deception the Commonwealth and Defense Attorneys are both concealing criminal acts committed at the Preliminary Hearing and exculpatory evidence, namely, Affiants Todd Dolfi and Thomas Foley's, audio and video recorded interview statement of Matthew Morrison's eyewitness account of

events that proves Actual Innocence and supports the
defendants push to prevent A Fundamental Miscarriage of
justice from occurring at the expense of the defendants
liberty.

The defendant objects to:

1.) Matthew Morrison's testimonial evidence concerning
the 2 Counts of 18 Pa.C.S. § 2702A2;

2.) ADA William Petulla's failure to correct the
witnesses, Matthew Morrison's, Perjured testimonial
evidence that effected the integrity of the proceeding.

Supporting Authority:

1.) Fourteenth Amendment of the United States Constitution;
2.) Article 1, section 9 of the Pennsylvania Constitution;
3.) Napue v. Illinois 360 U.S. 264, 79 S.Ct. 1173 (1959)
4.) Commonwealth v. Johnson 644 Pa. 150, 174 A.3d 1050 (Pa. 2017)
5.) Commonwealth v. Medina 2011 Phila. Ct. Com. Pl. LEXIS 201;
6.) Mooney v. Holohan 294 U.S. 103, 55 S.Ct. 340 (1935);
7.) Commonwealth v. Ricker 642 Pa. 367, 402, 170 A.3d 494, 516 (Pa. 2017)

Criminal Complaint And Affidavit of Probable Cause, April 25, 2017.

On April 24, 2017, Matthew Morrison, Reported to the 911 Dispatcher:

"WBG PD DISCHARGED WEAPONS AT ACTOR DURING THE INITIAL ENCOUNTER AT MCDONALDS... ACTOR TRIED TO RUN OFFICERS OVER WITH HIS VEH"

On April 25, 2017, Affiants, Todd Dolfi and Thomas Foley, presented Police Criminal Complaint to Magisterial District Judge Tom Swan, Alleging inter alia, 2 Counts of 18 Pa. C.S. § 2702 A2 Aggravated Assault Against Matthew Morrison And Christopher Duncan.

In fuller details the Affiants Todd Dolfi and Thomas Foley, presented to Magisterial District Judge Tom Swan, An Affidavit of Probable Cause Stating:

"Again, Robinson placed his vehicle in Reverse, accelerated backwards, nearly striking the Officers..." to support the 2 Counts of 18 Pa. C.S. § 2702 A2.

On May 10, 2017, the Allegheny County Detectives, Affiants Todd Dolfi And Thomas Foley, conducted Audio And video Recorded interviews with both alleged victims Matthew Morrison And Christopher Duncan.

Christopher Duncan, failed to Account for the single Count of
18 Pa.C.S. § 2702 A2 Aggravated Assault against Matthew Morrison.
Also, Matthew Morrison failed to Account for the single
Count of 18 Pa.C.S. § 2702A2 against himself.
In fact Matthew Morrison gave the Affiants that day on
May 10, 2017, An eyewitness account of events.

At the conclusion of both individual audio And
video recorded statements of events to the Affiants
on May 10, 2017, Todd Dolfi And Thomas Foley was
fully Aware of the fact that their Sworn to documents
Complaint No: 8667-17, Police Criminal Complaint And
Affidavit of Probable Cause, that was Presented to
Magisterial District Judge Tom Swan was fraudulent.
In the face of fraud, Affiants Todd Dolfi And
Thomas Foley, failed to Report to the Commission
Material Misrepresentation of facts, Obstruction
of the Administration of law, false Reports to
law enforcement, obstruction of Justice And Much
More.

"4.)There can be no question that ignorance of facts when one is not negligent in ascertaining the facts can never bind one to the unknown. What does not enter one's conscious world is as if it did not exist insofar as legal or moral responsibility for it is concerned, assuming, all the time, ofcourse, that the person involved in no way sought to avoid the facts."
Ciesielski v. Prudential Insurance Company of America, 416 Pa. 146, 205 A.2d 42 (Pa. 1964)

The defendant objects to:
1.) The Police Criminal Complaint's Authenticity;
2.) The Affidavit of Probable Cause Authenticity;
3.) The issuance of the Warrant and Commitment.

Supporting Authority:
1.) Fourth Amendment of the United States Constitution;
2.) Article I, Section 8 of the Pennsylvania Constitution;
3.) Fourteenth Amendment of the United States Constitution;
4.) Commonwealth v. James 620 Pa. 465, 69 A.3d 180 (Pa 2013);
5.) Commonwealth v. Hopkins 640 Pa. 604, 164 A.3d 1133 (Pa
6.) Allegheny County Controller Office. v. Allegheny County Airport Auth. 2015 Pa. Dist. & Cnty. Dec. LEXIS 10164 (2015);
7.) 15 P.L.E. Counties § 142;

## Prayer for Relief

The defendant request this Honorable Court to stop all proceedings in the interests of justice and initiate and conduct an investigation into the above alleged matters. Upon findings of wrongdoings, report any and all misconduct to the Attorney General's Office and other appropriate authorities.

Authority:

- Pa. Code Judicial Conduct Rule 2.15 Responding to Judicial and Lawyer Misconduct;
- Pa. Code Judicial Conduct Rule 2.6 Ensuring the Right to be Heard.

Defendant additionally request this Honorable Court to Order:

1.) The District Attorney's Office to immediately Cease and Desist from any further prosecutions of the pending charges for lack of Probable Cause and fraud;

2.) All parties to address the Court immediately;

3.) Office of County Controller to initiate and conduct an investigation;

4.) Pennsylvania Board of Probation and Parole to lift any and all detainers on Parole No. 047FH;

5.) Unconditional Release & All Rights, titles and/or claims to Principal's and Agents, concerning the defendant and Complaint No.: 8667-17

WHEREFORE the defendant Respectfully Request this Honorable Court to Accept and grant this Motion for Special Relief. And/or in the interests of justice grant a Hearing to Address this Motion for Special Relief.

Date:

Respectfully submitted,

Todd Robinson

Todd Robinson

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA

CRIMINAL DIVISION

v.

CC: 2017-08906

TODD ROBINSON

DEFENDANT

JUDGE RANDAL B. TODD
MOTION COURT:
SEPTEMBER 8, 2021

## CERTIFICATE OF SERVICE

I, Todd Robinson, PRO SE, hereby affirm and certify that the enclosed Motion for Special Relief has been Served through the U.S. Mail to the following:

- Honorable Judge Randal B. Todd
- Allegheny Clerk of Court - Criminal Division
- Attorney Thomas Farrell
- District Attorney's Office Stephen A. Zappala Jr.
- Criminal Court Administrator
  Honorable Judge Jill E. Rangos
- Honorable Judge Kim Berkeley Clark

Sincerely,
Todd Robinson

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA          CRIMINAL DIVISION

       V.          CC: 2017-08906

TODD ROBINSON          JUDGE RANDAL B. TODD

      DEFENDANT          MOTION HEARINGS:

SEPTEMBER 8, 2021

## ORDER OF COURT

AND NOW, to-wit, this _____ day of _____
_____ 2021, it is hereby ORDERED, ADJUDGED, and
DECREED that the Defendant's Motions for Special Relief is
hereby GRANTED.

AND NOW, to-wit, this _____ day of _____ 2021
it is hereby ORDERED, ADJUDGED and DECREED that the
Defendant's Motion for Special Relief shall be heard
and disposed of on the _____ day of _____ 2021
at _____ (A.M.) (P.M.)

BY THE COURT:

_____ J.



SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT

John A. Vaskov, Esquire
Deputy Prothonotary

Patricia A. Nicola
Chief Clerk

414 GRANT STREET, SUITE 801
PITTSBURGH, PA 15219-2410
(412) 565-2816
www.pacourts.us

November 2, 2021

Mr. Todd Robinson
DOC# 53930
Allegheny County Jail
950 Second Ave
Pittsburgh, PA 15219

Re:   .  Commonwealth of Pennsylvania v. Todd Robinson
         Allegheny County No. CP-02-CR-0008906-2017
         75 WT 2021

Dear Mr. Robinson:

On October 29, 2021, we received your "Emergency Application for Extraordinary Relief" and "Emergency Application for Extraordinary Relief Writ of Prohibition" referencing the matter identified above.

Pursuant to Pennsylvania Rule of Appellate Procedure 121(g), "[w]here there is counsel of record, *a party may file only the following documents pro se:* (i) a notice of appeal; (ii) a request to change or remove counsel; (iii) a response to a motion to withdraw that has been filed by counsel of record; (iv) a complaint that existing counsel has abandoned the party; or (v) an application to file a petition for allowance of appeal nunc pro tunc. Any other document that a party attempts to file pro se will be noted on the docket but not accepted for filing. This rule is not intended to provide an independent basis for jurisdiction where it does not otherwise exist." [Emphasis added.]

Because you do not presently have a matter before the Supreme Court, there is no docket here for your attempted filing to be noted on. (The file number 75 WT 2021 is for tracking purposes only). However, by copy of this letter, your documents are being sent to Attorney Thomas N. Farrell, who is your attorney of record in this matter.

Very truly yours,

Office of the Prothonotary

cc:     Thomas N. Farrell, Esq.

THE SUPREME COURT OF PENNSYLVANIA, ALLEGHENY COUNTY

COMMONWEALTH OF PENNSYLVANIA                    CRIMINAL DIVISION

                    V.                          CC: 2017-08906

TODD ROBINSON                                   JUDGE: RANDAL B. TODD

            DEFENDANT                           MOTION COURT:
                                                DECEMBER 14, 2021

## EMERGENCY APPLICATION FOR EXTRAORDINARY RELIEF

Petitioner Todd Robinson, PRO SE, hereby submit an Emergency Application for Extraordinary Relief to quash improper and/or illegal proceedings prior to trial; (2) to issue the related Writ of Prohibition.

1.) This Court has the authority to entertain this application pursuant to the Section 3309 of the Pennsylvania Rules of Appellate Procedures; Section 726 of Pennsylvania Judiciary and Judicial Procedure (42 Pa.C.S. § 726); And Kings Bench Power.

2.) Memorandum of law is respectfully submitted in support of this application.

3.) Due to excessive delays in violation of the United States Constitution, a separate Motion for Writ of Prohibition is respectfully appended to this Application prohibiting acts done without notice and consent.

Date: October 25, 2021

                                    Respectfully submitted,
                                    Todd Robinson
                                    Todd Robinson

1 of 1

IN THE SUPREME COURT OF PENNSYLVANIA, PITTSBURGH
DISTRICT

COMMONWEALTH OF PENNSYLVANIA

V.

CC: 2017-08906

TODD ROBINSON
        PETITIONER

## EMERGENCY APPLICATION FOR EXTRAORDINARY RELIEF PURSUANT TO PA.R.A.P. 3309, 42 PA.C.S. 726 AND KINGS BENCH POWER

Memorandum of Law

This MEMORANDUM is respectfully submitted in support of Petitioner Todd Robinson's Emergency Application for Extraordinary Relief Pursuant to Pa.R.A.P. § 3309, 42 Pa.C.S. 726 and Kings Bench Power.

..... This is "An issue of immediate public importance," and I respectfully request that this Court" cause right and justice to be done." See 42 Pa.C.S. § 726. Petitioner Todd Robinson is being unlawfully deprived of his liberty through violations under the Due Process Clause of the Fourteenth Amendment of the

United States Constitution And Article 1, Section 9 of the Pennsylvania Constitution. Also, violations to the Fourth Amendment of the United States Constitution And, Article 1, Section 8 of the Pennsylvania Constitution. In the interests of Justice the Petitioner presents the following Statements of facts, objections And supporting authorities.

"Objection" is defined in Black's Law Dictionary P. 968 (5th Ed. 1979) As "[T]he... Argument or Reasons urged by [A party] in support of his contentions that the Matter or proceeding objected to is improper or illegal."

## Statements of Facts

- Matthew Morrison's Preliminary hearing testimonial Evidence: (In its relevant part)

"... we happened to be right behind the vehicle when he was coming back.

Q. And when he's coming back, does he come close to striking you and Officer Duncan?

A. He does. We're to the rear of the vehicle, just to the left of Officer Duncan's car. Duncan more so than Myself, could certainly anticipate it, and

We both jumped out of the way, jumped back towards the left to a point of safety as he was coming back."
— Preliminary Hearing Transcripts Page 17 Lines 3-11

• Assistant District Attorney William Petulla's Preliminary Hearing Closing Argument: (Limits Relevant Part)

"... Mr. Petulla: Thank you, Your Honor. As it Relates to the Crime of Aggravated Assault, built into the statute is the Recklessness and the fact that he doesn't have to specifically intend to cause injury. That is built into the statute. He was reckless in flooring, as the sergeant described, his car in reverse, aiming it right at the officers.

By the grace of God, he didn't strike them, but it wasn't because of his actions or his surgical precision. In gunning his car backwards, he was doing this with reckless abandon. The fact that they were able to escape or elude the car deals much more with Reflexes than their ability to get out of the

WAY. He certainly was acting reckless in that moment."

— Preliminary Hearing Transcripts pages 44 - 45 Lines 21 - 25 and 1 - 9

• Preliminary Hearing District Judge Kim Hoots closing words during the Preliminary hearing:

" District Judge Hoots:  After listening to the testimony, all charges are being held with the exception of the one withdrawn by the DA, the 3743 (A). "

— Preliminary Hearing Transcripts page 46 lines 4 - 6

4 of 10

## Preliminary Hearing. July 20, 2017.

Your Honor, on July 20, 2017, under the watch of Magisterial Judge Kim Marie Hoots, the Commonwealths ADA William Petulla and prosecution team members, Affiant presented to the Tribunal false evidence (Perjury) and allowed false evidence via testimony to stand uncorrected during the defendants Preliminary Hearing proceeding that's material to Probable Cause.

The Commonwealth's witness, Matthew Morrison, committed willful perjury when he testified under Oath to material matters concerning the affiants Todd Dolfi and Thomas Foley's bill, sworn to under the penalties of perjury, 2 Counts of 18 § 2702 § A2 Aggravated Assault.

The defendant is aware that transcripts / records has been and is being reviewed by the lower Court. Yet, the defendant in the interests of justice asserts to the Court that through willful acts of deception the Commonwealth and Defense Attorneys are both concealing criminal acts committed at the Preliminary Hearing and exculpatory evidence, namely, Affiants Todd Dolfi and Thomas Foley's, audio and video recorded interview statement of Matthew Morrison's eyewitness account of

events that proves Actual Innocence and supports the defendants push to prevent A Fundamental Miscarriage of justice from occurring at the expense of the defendants liberty.

The defendant objects to:

1.) Matthew Morrison's testimonial evidence concerning the 2 Counts of 18 Pa.C.S. § 2702A2;

2.) ADA William Petulla's failure to correct the witnesses, Matthew Morrison's, perjured testimonial evidence that effected the integrity of the proceeding.

Supporting Authority:

1.) Fourteenth Amendment of the United States Constitution;
2.) Article 1, section 9 of the Pennsylvania Constitution;
3.) Napue v. Illinois 360 U.S. 264, 79 S. Ct. 1173 (1959)
4.) Commonwealth v. Johnson 644 Pa. 150, 174 A.3d 1050 (Pa. 2017)
5.) Commonwealth v. Medina 2011 Phila. Ct. Com. Pl. LEXIS 201;
6.) Mooney v. Holohan 294 U.S. 103, 55 S. Ct. 340 (1935);
7.) Commonwealth v. Ricker 642 Pa. 367, 402, 170 A.3d 494, 516 (Pa. 2017)

Criminal Complaint And Affidavit of Probable Cause. April 25, 2017.

On April 24, 2017, Matthew Morrison, reported to the 911 Dispatcher:

"WBG PD DISCHARGED WEAPONS AT ACTOR DURING THE INITIAL ENCOUNTER AT MCDONALDS.... ACTOR TRIED TO RUN OFFICERS OVER WITH HIS VEH"

On April 25, 2017, Affiants, Todd Dolfi and Thomas Foley, presented Police Criminal Complaint to Magisterial District Judge Tom Swan, Alleging inter alia, 2 Counts of 18 Pa.C.S. § 2702 A2 Aggravated Assault Against Matthew Morrison And Christopher Duncan.

In fuller details the Affiants Todd Dolfi and Thomas Foley, presented to Magisterial District Judge Tom Swan, An Affidavit of Probable Cause stating:

"Again, Robinson placed his vehicle in Reverse, accelerated backwards, Nearly striking the Officers..." to support the 2 Counts of 18 Pa.C.S. § 2702 A2.

On May 10, 2017, the Allegheny County Detectives, Affiants Todd Dolfi and Thomas Foley, conducted audio And video Recorded interviews with both alleged victims Matthew Morrison And Christopher Duncan.

Christopher Duncan, failed to Account for the single Count of 18 Pa.C.S. § 2702 A2 Aggravated Assault Against Matthew Morrison. Also, Matthew Morrison failed to Account for the single Count of 18 Pa.C.S. § 2702A2 Against himself.

In fact Matthew Morrison gave the Affiants that day on May 10, 2017, an eyewitness account of events.

At the conclusions of both individual audio and video recorded statements of events to the Affiants on May 10, 2017, Todd Dolfi and Thomas Foley was fully aware of the fact that their sworn to documents Complaint No.: 8667-17, Police Criminal Complaint and Affidavit of Probable Cause, that was presented to Magisterial District Judge Tom Swan was fraudulent. It's the face of fraud, Affiants Todd Dolfi and Thomas Foley, failed to report to the Commission Material Misrepresentation of facts, Obstruction of the Administration of law, false reports to law enforcement, obstruction of justice And Much More.

, 8 of 10.

"[4] There can be no question that ignorance of facts when one is not negligent in ascertaining the facts can never bind one to the unknown. What does not enter one's conscious world is as if it did not exist insofar as legal or moral responsibility for it is concerned, assuming, all the time, of course, that the person involved is no way sought to avoid the facts." Ciesielski v. Prudential Insurance Company of America, 116 Pa. 146, 205 A.2d 42 (Pa. 1964)

The defendant objects to:
1.) The Police Criminal Complaint's Authenticity;
2.) The Affidavit of Probable Cause Authenticity;
3.) The issuance of the Warrant and Commitment.

Supporting Authority:
1.) Fourth Amendment of the United States Constitution;
2.) Article 1, Section 8 of the Pennsylvania Constitution;
3.) Fourteenth Amendment of the United States Constitution;
4.) Commonwealth v. James 620 Pa. 465, 69 A.3d 180 (Pa. 2013);
5.) Commonwealth v. Hopkins 640 Pa. 604, 164 A.3d 1133 (Pa 2017)
6.) Allegheny County Controller Office v. Allegheny County Airport Auth. 2015 Pa. Dist.: Cnty. Dec. LEXIS 10164 (2015);
7.) 15 P.L.E. Counties § 142;

<u>Prayer for Relief</u>

The defendant Respectfully Request this Honorable Court to stop all proceeding in the interests of justice and initiate and conduct an investigation into the above Alleged Matters.

WHEREFORE defendant Respectfully Request that this Court exercise its extraordinary jurisdictions over this matter and implement proceedings (including, if desirable, the appointment of a special Master) to ensure a timely and efficient adjudication of this case without further delay.

Date: October 25, 2021

Sincerely,
Todd Robinson
Todd Robinson

10 of 10

IN THE COURT OF THE SUPREME COURT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA                    CRIMINAL DIVISION

                                                CC: 2017-08906

V.

TODD ROBINSON                                   JUDGE: RANDAL B. TODD

        DEFENDANT                               MOTION COURT:

                                                DECEMBER 14, 2021

## EMERGENCY APPLICATION FOR EXTRAORDINARY RELIEF
## WRIT OF PROHIBITION

This Writ of Prohibition is RESPECTfully submitted in support of Petitioner Todd Robinson's EMERGENCY Application for EXTRAORDINARY Relief PURSUANT to Pa. R.A.P. 3309, 42 Pa.C.S 726 And Kings Bench Power, who hereby MOVES this HONORABLE Court to issue the foregoing Writ PROhibiting Acts done without Notice or consent of the Petitioner, And in SUPPORT thereof the following is a Statement:

1.) Actus Me invito factus, Non est Meus Actus.
An Act done by ME AGAINST MY will, is Not MY Act.
2.) Augupia verforum sunt judice indigna.
A twisting of language is unworthy of a Judge. Hob. 343

3.) Cessante causa, cessat effectus.
The cause ceasing, the effect must cease.
4.) Consensus facit legem.
Consent makes the law. A contract is a law between the parties, which can acquire force only by consent.
5.) Petitioner does not consent to any act by an attorney or officer of the court which effects the Constitutional Rights of the Petitioner without prior written notice of such acts and the written consent of the Petitioner.
6.) Petitioner prohibits any and all legal interess from practicing, litigating, assisting, or otherwise performing any acts on behalf of Petitioner without consent of Petitioner.
7.) Petitioner prohibits the waiver of any rights on behalf of the Petitioner by any person or entity.
8.) Petitioner prohibits the withholding or omission of any papers, documents, evidence, or commercial instruments by any attorney or officer of the court.
9.) Petitioner prohibits the formation, formulation, presentation or assertion of any legal defense(s) on behalf of Petitioner without prior written notice of such defense(s) and written consent of Petitioner.

10.) Petitioner prohibits any act by any person which places the Petitioner in dishonor of any Presentment.

11.) Petitioner executes this writ with the intent to protect and secure all Constitutional Rights and does so knowingly, willingly, and intentionally and hereby openly states and declares that he is COMPOS MENTIS.

12.) Petitioner prohibits the entering of any contracts or agreements on behalf of the Petitioner by any attorney or officer of the court without the express written consent of the Petitioner.

13.) Any and all acts done by an attorney, legal intern, or other officer of the court absent written consent of the Petitioner approving such act(s) are not actions taken by the Petitioner and shall be deemed void Ab initio without any legal effect.

WHEREFORE for the reasons set forth above the Petitioner respectfully requests this Writ issues.

Date: October 25, 2021

Respectfully submitted.

*Todd Robinson*

Todd Robinson

IN THE SUPREME COURT OF PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA                CRIMINAL DIVISION

                                            CC: 2017-08906
        V.

TODD ROBINSON                               JUDGE: RANDAL B. TODD

        DEFENDANT                           MOTION COURT:

                                            DECEMBER 14, 2021


## CERTIFICATE OF SERVICE

I, Todd Robinson, PRO se, hereby affirm and certify
that the enclosed Motion For Writ of Prohibition appended
to the Emergency Application for Extraordinary Relief, with a
Memorandum has been served through the U.S. Mail:

- Pennsylvania Supreme Court, a total of 8 copies
- Honorable Judge Randal B. Todd
- District Attorney's Office Stephen A. Zappala Jr.
- Attorney Thomas Farrell
- Criminal Court Administrator Jill E. Rangos

Date: October 25, 2021                Respectfully submitted,
                                      Todd Robinson
                                      Todd Robinson