Allegheny County Clerk of Courts Received 11/18/2021 4:41 PM
Allegheny County Clerk of Courts Filed 11/18/2021 4:41 PM

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA     CRIMINAL DIVISION

v.

TODD ROBINSON     NO. CP-02-CR-0008906-2017
    Defendant

**MOTION PURSUANT TO RULE 600**

CHARGES: Aggravated Assault (2 counts), Possession of Firearm Prohibited, Firearm not to be Carried w/out License, Fleeing or Attempting to Elude Officer, Criminal Mischief, Recklessly Endangering Another Person (2 counts), Reckless Driving

TRIAL JUDGE:
HON. RANDAL B. TODD, J.

Filed on Behalf of Defendant:
TODD ROBINSON

COUNSEL FOR DEFENDANT:
THOMAS N. FARRELL, ESQ.
PA I.D. No. 61969
COUNSEL FOR DEFENDANT

Farrell & Associates
100 Ross Street, Suite 1
Pittsburgh, PA 15219
(412) 201-5159

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    CRIMINAL DIVISION

v.

TODD ROBINSON    NO. CP-02-CR-0008906-2017

### MOTION FOR DISMISSAL PURSUANT TO RULE 600

AND NOW, comes the Defendant, TODD ROBINSON, by and through his Attorney, THOMAS N. FARRELL, ESQ., and files this Motion for Dismissal Pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure, and in support thereof argues the following:

1. Defendant was charged by criminal information at NO. CP-02-CR-0008906-2017 with two (2) counts each of aggravated assault[1] and recklessly endangering another person[2], and one (1) count each of possession of firearm prohibited,[3] firearms not to be carried without license,[4] fleeing or attempting to elude officer,[5] criminal mischief,[6] and reckless driving.[7]

2. Defendant was initially represented by Patrick Sweeney, Esquire of the Allegheny County Public Defender's Office.

---

[1] 18 § 2702 §§ A2
[2] 18 § 2705
[3] 18 § 6105 §§ A1
[4] 18 § 6106 §§ A1
[5] 75 § 3733 §§ A
[6] 18 § 3304 §§ A1
[7] 75 § 3736 §§ A

3. On May 7, 2018, Defendant filed Omnibus Pretrial Motions.

4. The Commonwealth filed a motion to amend the criminal information on August 3, 2018.

5. An Amended Omnibus Pre-Trial Motions were filed on April 8, 2019.

6. Also on April 8, 2019, the Court issued an Order granting the motion to amend the criminal information.

7. A motions hearing was held on July 11, 2019, where the Honorable Judge Todd issued and Order for counsel to file a brief in support of the pre-trial motions within ten (10) days.

8. Previous counsel, Patrick Sweeney, Esquire, filed a brief in support of the omnibus pre-trial motions on July 22, 2019.

9. On July 29, 2019, Judge Todd denied Defendant's Omnibus Pretrial Motions.

10. On August 14, 2019, Attorney Sweeney filed a motion to reconsider the defense motion to suppress.

11. On August 15, 2019, Patrick Sweeney, Esquire filed a motion to withdraw which was granted by Judge Todd on August 19, 2019.

12. On August 19, 2019, Judge Todd appointed Randall McKinney, Esquire to represent Defendant.

13. On December 13, 2019, Randall McKinney, Esquire filed a motion to withdraw which was granted by Judge Todd on December 18, 2019.

14. On December 18, 2019, instant counsel was appointed by Judge Todd to represent Defendant.

15. On October 28, 2020, instant counsel filed a motion to withdraw as counsel so that Defendant could represent himself *pro se*.

16. A hearing was scheduled on January 21, 2021 whereby counsel for both parties appeared by video along with Defendant. The Commonwealth was represented by Assistant District Attorney Todd Williams. At that time, defense counsel did not ensure that a waiver of Defendant's presence was properly submitted. The hearing was generally continued.

17. On January 27, 2021, instant counsel filed a motion to withdraw the motion to withdraw.

18. On February 8, 2021, a hearing was held, where Judge Todd ruled that instant counsel was to remain on Defendant's case and granted instant counsel thirty (30) days to file supplemental pre-trial motions.

19. Instant counsel filed supplemental pre-trial motions on March 31, 2021.

20. A status conference was held on May 5, 2021.

21. Assistant District Attorney Todd Williams recently got off the case and Assistant District Attorney Megan Sasinoski has taken over the case.

22. A pre-trial motions hearing is scheduled for December 14, 2021.

23. There has not been a date set for Defendant's trial. Meanwhile, Defendant continues to be lodged in Allegheny County Jail awaiting his trial.

## I. MOTION TO DISMISS

24. Paragraphs 1-23 are adopted and incorporated hereto as if wholly set forth herein.

25. Rule 600(A)(2) and (3) of the Rules of Criminal Procedure reads, in pertinent part, as follows:

> (2) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is incarcerated on that case, shall commence no later than 180 days from the date on which the complaint is filed.
>
> (3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2) and (3).

26. Rule 600(C) reads as follows:

> (C) Computation of Time
>
> (1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.
>
> (2) For purposes of paragraph (B), only periods of delay caused by the defendant shall be excluded from the computation of the length of time of any pretrial incarceration. Any other periods of delay shall be included in the computation.

Pa.R.Crim.P. 600(C)(1) and (2).

27. Defendant contends that it has been over 365 days since the filing of the complaint and, as such, the charges should be dismissed. *Id.*

28. Defendant understands that the filing of pretrial motions causes excludable periods of time that toll the time for Rule 600. *See Commonwealth v. Hill*, 736 A.2d 578 (Pa. 1999).

29. From the date the criminal complaint was filed on July 26, 2017 until Defendant's omnibus pre-trial motions were filed on May 7, 2018, there was a tolling of two hundred eighty-five days (285 days). This time should be counted against the Commonwealth. Another twenty days (20 days) should be included from the time the pre-trial motions were denied on July 29, 2019 until counsel filed a motion to withdraw from Defendant's case on August 15, 2019.

30. From August 19, 2019, when new counsel was appointed, Randall H. McKinney, Esquire, until counsel filed his motion to withdraw on December 13, 2019, a total of one hundred and sixteen days (116 days) had tolled. Within that time, the first Assistant District Attorney Allison Bragle got off the case and was replaced with Assistant District Attorney Todd Williams on December 11, 2019. Thus, this time should be accredited to the Commonwealth.

31. At that point, the total amount of time that should be accredited to the Commonwealth is four hundred and one days (401 days). Thus, Defendant was not brought to trial within the statutory amount of time pursuant to Rule 600.

32. Instant counsel was appointed to Defendant's case on December 18, 2019 and has filed several extensions of time and supplemental pre-trial motions. There is no additional time since instant counsel took over the case until present that should toll the time pursuant to Rule 600.

33. Defendant continues to reside at the Allegheny County Jail awaiting his pre-trial motions hearing date on December 16, 2021.

WHEREFORE, Defendant respectfully requests that he be discharged from all of the pending charges.

Respectfully submitted,

/s/ Thomas N. Farrell
Thomas N. Farrell
Attorney for the Defendant
Pa. Id. No. 61969

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA      CRIMINAL DIVISION

V.

TODD ROBINSON      NO. CP-02-CR-0008906-2017

## ORDER OF COURT

AND NOW, this _____ day of _____ 2021, upon consideration of the foregoing Motion for Dismissal Pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure, it is hereby ordered that the charges against the Defendant be DISMISSED.

BY THE COURT

_____, J.

## CERTIFICATE OF SERVICE

I, Thomas N. Farrell, Esquire, do hereby certify that I served a true and correct copy of the within Motion for Dismissal and Nominal Bond Pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure upon the following parties this ____ day of November 2021 to the following:

Service by hand-delivery as follows:

Honorable Randal B. Todd
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA  15219

Assistant District Attorney Megan Sasinoski
Allegheny County Office of the District Attorney
436 Grant Street
Pittsburgh, PA 15219

Court Administration – Criminal Division
Allegheny County Courthouse
436 Grant Street
Pittsburgh, PA 15219

/s/ Thomas N. Farrell
THOMAS N. FARRELL
ATTORNEY FOR THE DEFENDANT
PA I.D. NO. 61969

Farrell & Associates
100 Ross Street, Suite 1
Pittsburgh, PA 15219
(412) 201-5159

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Thomas N. Farrell, Esquire

Signature: /s/ Thomas N. Farrell

Name: Thomas N. Farrell, Esquire

Attorney No.: 61969

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Thomas N. Farrell, Esquire

Signature: /s/ Thomas N. Farrell

Name: Thomas N. Farrell, Esquire

Attorney No.: 61969