IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ROBINSON, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 22-1223 |
| | ) |
| v. | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| ORLANDO HARPER; *and* | ) Re: ECF No. 5 |
| DISTRICT ATTORNEY OF ALLEGHENY | ) |
| COUNTY, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

For the reasons that follow, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), ECF No. 5, will be dismissed as moot. To the extent one is necessary, a certificate of appealability will be denied.

**I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Todd Robinson ("Petitioner") was, at the time of filing, a state pre-trial detainee, housed in the Allegheny County Jail ("ACJ"). Id. at 1.

In the Petition, Petitioner attacks his pretrial detention in Com. v. Robinson, No. CP-02-CR-8906-2017, a state criminal case in the Court of Common Pleas of Allegheny County, Pennsylvania. Id. at 2. See also Docket, Robinson, No. CP-02-CR-0008907-2017 (C.C.P. Allegheny Cnty.) (available at https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-02-CR-0008906-2017&dnh=iGSdERlTsvBD8wQ5DT533w%3D%3D (last visited Aug. 5, 2024)). The docket sheet in that case – of which this Court takes judicial notice – indicates that Petitioner was convicted of various charges in that case by a jury on February 23, 2024, and was sentenced to an aggregate term of imprisonment of 13 to 26 years on June 20, 2024. Docket, Robinson, No. CP-02-CR-0008907-2017.

1

Petitioner and Respondents consented to the jurisdiction of a United States Magistrate Judge on January 9, 2024. ECF Nos. 14, 26, and 27.

## II. DISCUSSION

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered against the petitioner. Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States." Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (internal quotation marks and citations omitted).

Petitioner's state court conviction and sentence moot the instant federal habeas petition under Section 2241. See, e.g., Quarles v. Pennsylvania, No. 13-1994, 2014 WL 99448, at *3 (E.D. Pa. Jan. 10, 2014) (citations omitted); Padilla v. Brewington-Carr, No. 98-661, 2002 WL 100572, at *2 (D. Del. Jan. 22, 2002). Thorne v. Warden, Brooklyn House of Detention of Men, 479 F.2d 297, 299 (2d Cir. 1973) (legality of habeas petitioner's pre-trial detention mooted by conviction); Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988) (same); Miller v. Glanz, 331 F. App'x 608, 610 (10th Cir. 2009) (same); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) (same); Rice v. State of Pennsylvania, No. 16-767, 2016 WL 3287573, at *5 (E.D. Pa. Apr. 26, 2016), report and recommendation adopted, 2016 WL 3181903 (E.D. Pa. June 8, 2016) ("Rice's subsequent conviction renders moot his petition for pretrial release and for the dismissal of those charges. We thus conclude that Rice's § 2241 petition should be dismissed in its entirety although without prejudice to the filing of any future § 2254 petition concerning his state court judgment."). See also Stewart-Odom v. United States, 162 F.3d 95, 95 (5th Cir. 1998) ("Robert Frank Stewart-Odom, Sr., filed a notice of appeal from the district court denial of his pretrial petition for federal habeas relief pursuant to 28

U.S.C. § 2241. Because a judgment of conviction has been rendered against Stewart-Odom, his bail issue is moot.").

Petitioner's conviction and sentence render moot his Section 2241 federal habeas petition challenging pretrial detention. Accordingly, this Court will dismiss the habeas petition under Section 2241 as moot. Dismissal will be without prejudice to seeking relief in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after petitioner exhausts all state court remedies. To the extent that a certificate of appealability is required, the same will be denied because jurists of reason would not find the foregoing debatable. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.  CONCLUSION

For the reasons set forth herein, this case will be dismissed as moot, and a certificate of appealability will be denied.

An appropriate order follows.

BY THE COURT

Date: August 5, 2024

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: TODD ROBINSON
53930
ALLEGHENY COUNTY JAIL
950 Second Avenue
Pittsburgh, PA 15219

All counsel of record (*via* CM/ECF)