**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TODD ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 22-1223 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ORLANDO HARPER; *and* | ) | Re: ECF No. 39 |
| DISTRICT ATTORNEY OF ALLEGHENY | ) | |
| COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Petitioner Todd Robinson ("Petitioner") was, at the time of filing, a state pre-trial detainee.

Petitioner and Respondents consented to the jurisdiction of a United States Magistrate Judge on

January 9, 2024.  ECF Nos. 14, 26, and 27.

In his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), ECF

No. 5, Petitioner attacked his pretrial detention in Com. v. Robinson, No. CP-02-CR-8906-2017,

a state criminal case in the Court of Common Pleas of Allegheny County, Pennsylvania.  Id. at 2.

Petitioner was convicted by a jury of various charges in that case on February 23, 2024, and was

sentenced to an aggregate term of imprisonment of 13 to 26 years on June 20, 2024.

In light of Petitioner's conviction and sentence, this Court dismissed the Petition as moot

on August 6, 2024.  ECF No. 31.  Dismissal explicitly was "without prejudice to seeking relief in

a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after petitioner exhausts all state

court remedies."  Id. at 3.  The United States Court of Appeals for the Third Circuit affirmed the

dismissal on December 5, 2024.  ECF No. 38.

Currently before this Court is Petitioner's Motion for Relief Pursuant to Fed. R. Civ. P. Rule 60(b)(3), ECF No. 39, in which he seeks relief from judgment due to alleged fraud in Respondents' Answer and the state court records submitted therewith, ECF No. 16.

Rule 60(b) of the Federal Rules of Civil Procedure provides grounds for relief from a final judgment, order, or proceeding. It does not provide "a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed." Parker v. Hendricks, No. 03-0914, 2016 WL 1060413, at *2 (D.N.J. Mar. 17, 2016) (internal quotes and citation omitted). See also Balter v. United States, 410 F. App'x 428 430 (3d Cir. 2010) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where motion "simply rehashed arguments" made in previous motions).

Presuming for the sake of argument that Petitioner's assertions of fraud are true, they do not change the fact that his conviction and sentence rendered his Petition under Section 2241 moot. See, e.g., Quarles v. Pennsylvania, No. 13-1994, 2014 WL 99448, at *3 (E.D. Pa. Jan. 10, 2014) (citations omitted); Padilla v. Brewington-Carr, No. 98-661, 2002 WL 100572, at *2 (D. Del. Jan. 22, 2002). Thorne v. Warden, Brooklyn House of Detention of Men, 479 F.2d 297, 299 (2d Cir. 1973) (legality of habeas petitioner's pre-trial detention mooted by conviction); Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988) (same); Miller v. Glanz, 331 F. App'x 608, 610 (10th Cir. 2009) (same); Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015) (same); Rice v. State of Pennsylvania, No. 16-767, 2016 WL 3287573, at *5 (E.D. Pa. Apr. 26, 2016), report and recommendation adopted, 2016 WL 3181903 (E.D. Pa. June 8, 2016) ("Rice's subsequent conviction renders moot his petition for pretrial release and for the dismissal of those charges. We thus conclude that Rice's § 2241 petition should be dismissed in its entirety although without prejudice to the filing of any future § 2254 petition concerning his state court judgment."). See

also Stewart-Odom v. United States, 162 F.3d 95, 95 (5th Cir. 1998) ("Robert Frank Stewart-Odom, Sr., filed a notice of appeal from the district court denial of his pretrial petition for federal habeas relief pursuant to 28 U.S.C. § 2241. Because a judgment of conviction has been rendered against Stewart-Odom, his bail issue is moot.").

Because Petitioner's federal habeas Petition arising under Section 2241 is moot, the present Rule 60(b) motion must be denied.

Additionally, a certificate of appealability will be denied, as jurists of reason could not debate that Petitioner is not entitled to relief under Rule 60(b). Slack v. McDaniel, 529 U.S. 473, 484 (2000).

AND NOW, this 18th day of February, 2025, IT IS HEREBY ORDERED the Motion for Relief Pursuant to Fed. R. Civ. P. Rule 60(b)(3), ECF No. 39, is DENIED. Denial is without prejudice to seeking relief in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, after Petitioner exhausts all state court remedies.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:     TODD ROBINSON
        DD7342
        SCI HOUTZDALE
        P.O. Box 1000
        209 Institution Drive
        Houtzdale, PA 16698-1000

3